Filed 9/27/13  P. v. McKinnie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070227 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F07291) |
| v. | |
| CHRISTOPHER CHARLES MCKINNIE, | |
| Defendant and Appellant. | |

Defendant Christopher Charles McKinnie pled no contest to possession of cocaine base for sale (count 1; Health & Saf. Code, § 11351.5) and transportation of cocaine base (count 2; Health & Saf. Code, § 11352, subd. (a)), and admitted two prior strikes and two prior prison terms (Pen. Code,[1] §§ 667, subds. (b)-(i), 667.5, subd. (b)).

**BACKGROUND**

On November 7, 2010, law enforcement officers stopped defendant's car.  As he got out of the car, he struggled with the officers.  On the ground, next to the driver's side

---

[1] Further undesignated section references are to the Penal Code.

1

door of the car, the officers saw a baggie which contained individually wrapped rocks of cocaine.

Defendant pled as described *ante*. After denying defendant's motion to strike his strikes, the trial court sentenced him to a state prison term of 27 years to life on count 1 (25 years to life based on the two prior strikes, plus two years for the prior prison terms), with the same term imposed but stayed as to count 2.

Defendant's appellate counsel originally filed a *Wende*[2] brief. On November 30, 2012, counsel moved to strike the *Wende* brief and to file a standard brief for appellant. This court granted the motion on December 7, 2012.

## DISCUSSION

Defendant contends that in light of the voters' approval of Proposition 36 (the Three Strikes Reform Act of 2012) on November 6, 2012 (codified as § 1170.126), and the principles established in *People v. Estrada* (1965) 63 Cal.2d 740, he is entitled to automatic, nondiscretionary resentencing as to his strikes. He requests remand to the trial court with directions to vacate his sentence and to impose a determinate sentence pursuant to the amended Three Strikes law. The People oppose defendant's request.

The Fifth Appellate District of this court rejected the same argument defendant makes here in an opinion directly on point to the instant case. (*People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*).) In *Yearwood*, the appellate court held that section 1170.126 requires a defendant seeking resentencing to file a petition for recall in the trial court and that the application of Proposition 36 prospectively only does not violate defendant's right to equal protection. (*Yearwood, supra,* 213 Cal.App.4th at pp. 176-179.) For the reasons articulated in *Yearwood*, we reject defendant's argument.[3]

---

[2] *People v. Wende* (1979) 25 Cal.3d 436.

[3] We note this issue is currently before our Supreme Court pending review. (*People v. Conley* (2013) 215 Cal.App.4th 1482; *People v. Lewis* (2013) 216 Cal.App.4th 468.)

We have separately identified a typographical error in the abstract of judgment that continues in the amended abstract filed July 19, 2012.  We shall order correction of the abstract of judgment accordingly.

**DISPOSITION**

The judgment is affirmed.  The clerk of the trial court is directed to correct the statutory cite accompanying the main jail classification fee to show that the fee was ordered pursuant to Government Code section 29550.2 and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


                DUARTE          , J.


We concur:


        BUTZ             , Acting P. J.


        MURRAY         , J.

3